USCA1 Opinion

 

 [NOT FOR PUBLICATION]  United States Court of Appeals For the First Circuit ____________________ No. 96-1899 ISABELO VALLEJO-SERRANO, Plaintiff, Appellant, v. CIGNA INSURANCE CO., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Selya, Circuit Judge. _____________ ____________________ Zuleika Llovet-Zurinaga for appellant. _______________________ Pedro J. Manzano-Yates with whom Jose A. Silva-Cofresi was _______________________ ______________________ on brief for appellees. ____________________ May 23, 1997 ___________________ Per Curiam. Appellant Vallejo-Serrano filed this employment __________ discrimination lawsuit against Cigna Insurance Co. and several supervisors claiming that he was transferred to an undesirable position, and later refused reinstatement after a medical leave, because of his age and disability. The district court granted summary judgment for defendants. It concluded that Vallejo had failed to establish a prima facie case of either age or disability discrimination, and that he had failed to show that the company's proffered reasons for its actions were pretextual. We conclude that appellant failed to establish a prima facie case on the disability claim, and that the evidence is wholly inadequate to support an age discrimination claim. We therefore affirm.  The parties both maintain that the appropriateness of summary judgment turns on whether Vallejo made an adequate showing under the fourth prong of the McDonnell Douglas burden- __________________ shifting paradigm, the first three prongs concededly having been satisfied. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, ___ ________________________ _____ 802-05 (1973). They further agree that, for the disability discrimination claim, this model required appellant to demonstrate that he was replaced by a non-disabled person. Although appellant asserts that there is at least a factual dispute concerning whether he was "replaced" by Felix Vazquez,1  ____________________ 1 Although Vallejo's complaint also asserts that he was replaced by Josefina Bermudez and her temporary assistant, he does not press this position on appeal, apparently because their duties were quite distinct. -2- the evidence does not support his contention. It is undisputed that Vazquez already held a position equivalent to appellant's in the Accounting Department, and that appellant was the accounting clerk with the least seniority. The fact that Vazquez assumed most of appellant's tasks, along with his own diminished workload, is insufficient to establish that appellant was "replaced." See LeBlanc v. Great American Ins. Co., 6 F.3d 836, ___ _______ _______________________ 846 (1st Cir. 1993) ("A discharged employee `is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work.'"(citation omitted)). As for the age discrimination claim, which involves an alleged reduction in force, the burden-shifting framework required appellant to show either that Cigna did not treat age neutrally or that it retained younger persons in the same position. Arguably, Vallejo's evidence satisfied the fourth prong because it showed that the others retained in the accounting clerk positions were younger than him. The company's rationale, however, was that he was the least senior person in that position -- a fact he does not dispute. Under the McDonnell _________ Douglas framework, Vallejo needs to respond to that explanation _______ by demonstrating that it is a pretext for age discrimination. The record, however, makes reference to only a single remark concerning age allegedly made by appellant's supervisor more than a year before his transfer from the Accounting Department. This -3- is insufficient to go to the jury.2 See LeBlanc, 6 F.3d at 843 ___ _______ ("[T]he plaintiff cannot avert summary judgment if the record is devoid of adequate direct or circumstantial evidence of discriminatory animus on the part of the employer.").3 The judgment of the district court is therefore affirmed.4  ____________________ 2 Indeed, plaintiff did not make reference to this remark in his memorandum in support of his opposition to the summary judgment motion. 3 Although the district court's opinion in certain instances uses language that suggests factfinding, see, e.g., Opinion at 13 ___ ____ ("We believe that plaintiff's age or disability was not a factor when Cigna decided to eliminate Mr. Vallejo's position, and later deny him reinstatement"; "Cigna eliminated Mr. Vallejo's position because the Accounting Department could operate efficiently without the extra accounting clerk position."); id. at 15 ___ ("Cigna's refusal to reinstate plaintiff after his release from the SIF was not of a discriminatory animus."), it is clear from the opinion as a whole that the court found as a matter of law ___________________ that Vallejo had failed to adduce sufficient evidence to send the case to a factfinder. We note that the court's task was made more difficult by the plaintiff's failure to file the required separate statement of contested facts. 4 Vallejo also alleged a retaliation claim based on his having filed a complaint with the Anti-Discrimination Unit of the Labor Department following his transfer in September 1993, and the company's subsequent refusal to reinstate him in September 1994. The decision not to reinstate him was consistent with Commonwealth law, however, and there is no support in the record for a finding that it was motivated by retaliatory animus. -4-